UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELIX CISNEROS,

Petitioner,

v.

WARDEN F.C.I. HERLONG,

Respondent.

No.  2:25-cv-1155 CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner is a prisoner at Federal Correctional Institution, Herlong (FCI Herlong), proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner challenges the calculation of sentence credit.

On November 21, 2022, petitioner pled guilty to several offenses including conspiracy to commit bribery of a public official, bribery of a public official, money laundering, and subscribing to a false tax return.  People v. Cisneros, 2:21-cr- 0051 RGK (C.D. Cal.), ECF No. 141.  The sentences for those offenses were ordered to run concurrently, the longest of which being 121 months.  Id.  Following an appeal, petitioner was resentenced on November 4, 2024, with the longest concurrent sentence being 85 months.   Id. at ECF No. 182.

Petitioner challenges a determination by prison officials that he was not eligible to earn sentence credit under the First Step Act (FSA) after sentencing and before petitioner arrived at FCI Herlong on March 2, 2023, and between September 30, 2024, and January 16, 2025, while

1

petitioner was either in transit or housed at a facility other than FCI Herlong.   ECF No. 22-1 at 18.  Petitioner's projected release date is June 25, 2027.  ECF No. 22-1 at 12.  This assumes that by that date, petitioner will have earned 341 days of good conduct credit, id. at 13, and 365 days of credit under the First Step Act, id. at 14.

Since 365 days is the maximum credit allowed toward early release under the FSA, id. at 6, any award of additional FSA credit would not result in an earlier release date.  It could result in petitioner having an earlier eligibility date for prerelease custody (placement in a residential re-entry center) and home confinement.  Id.  However, it appears that under 18 U.S.C. § 3624(c)(1), petitioner is eligible for prerelease custody one year before his release date or June 25, 2026.

Since an award of any further FSA credit would not provide petitioner any benefit, the court recommends that this action be dismissed as moot.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1.      Respondent's motion that petitioner's petition for a writ of habeas corpus be dismissed for failure to exhaust administrative remedies (ECF No. 22) be DENIED as moot;

2.      Petitioner's petition for a writ of habeas corpus be DISMISSED as moot; and

3.      This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within 14 days after service of the objections.  The parties are advised that failure

/////

/////

/////

/////

2

to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 25, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cast1722.2241

3